The following constitutes
the order of the court. Signed May 7, 2013

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                                                              Case No. 10-72622 MEH
DAVID ANANIAN and                                                                 Chapter 7
DIANE M. ANANIAN
                     Debtors/

DAVID ANANIAN and                                                              Adv. No. 12-04147 AH
DIANE M. ANANIAN

                     Plaintiffs
v.

SALLIE MAE, ET. AL.
                     Defendants/

MEMORANDUM DECISION

    Debtors filed this adversary proceeding seeking to obtain a discharge of student loan debts on the basis that they imposed an undue hardship. Bankruptcy Code[1] § 523(a)(8). At the time of trial, Plaintiff Diane Ananian ("Diane") and Defendant College Assist are the remaining parties.

Background:

    Diane previously owned a partial interest with her son in a business that rents party supplies. Due to her declining health, her son now owns 100% of the business. Diane continues to work 20-23 hours per week for the business providing customer support by phone. Her compensation is 25% of the business' monthly net

---

[1] 11 U.S.C. §§ 101, et seq., referred to herein as the "Bankruptcy Code."

income. She anticipates earning approximately $10,000 from her work for the business in 2013. In 2012, when she was a partial owner of the business, Diane earned $7,012 from the business. Diane's living expenses are paid by her husband, David Ananian ("David"), from his compensation of approximately $60,000 per year, after taxes and expenses. Two weeks before trial, the Ananians entered into a post-nuptial agreement that provides each of their incomes shall be separate property. David has approximately $180,000 in student loan debt that is separate from Diane's.

Diane is 57 years old and suffers from lupus and chronic arthritis, primarily affecting her knees, hip and lower back. As a result, she has difficulty bending, going down stairs and tires easily. Since 2009, a noticeable change has occurred in Diane's health and energy due to these conditions. Diane's doctors have not provided her with any indication that her condition is likely to improve.

Diane is seeking to discharge her obligations under a promissory note issued in 2006 for a student loan (the "Loan") obtained for her son's education. The Loan currently has an outstanding balance of over $17,106, and accrues 6.125% interest annually. One payment of $50 was made on the Loan at the time of issuance. The Loan was then in deferment until March 2011 while the Ananians' son remained in school. No further payments were made after the deferment ended.

Analysis:

In *United Student Aid Funds v. Pena (In re Pena)*, 155 F.3d 1108, 1112 (9th Cir. 1998), the Ninth Circuit adopted the three-pronged test set out in *Brunner v. New York State Higher Education Services Corp. (In re Brunner)*, 831 F.2d 395, 396 (2d. Cir. 1987). The Brunner test requires the debtor to prove that: (1) Based upon current income and expenses, the debtor cannot maintain a minimal standard of living for the debtor and dependents if forced to repay the loan; (2) Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period; and (3) The debtor has made a good faith effort to repay the student loan. *Pena*, 155 F.3d at 1111. Each of these prongs must be satisfied in order to obtain a discharge. *Carnduff v. U.S. Dep't of Educ. (In re Carnduff)*, 367 B.R. 120, 127 (9th Cir. BAP 2007). The first and third prongs are primarily at issue in this matter.

Case: 12-04147    Doc# 57    Filed: 05/07/13    Entered: 05/07/13 16:18:52    Page 2 of 6

*1.  Ability to maintain minimal standard of living*

In seeking discharge, Diane relies on the position that a debtor's ability to repay is determined as of the time of trial. Two weeks prior to trial, Diane and her husband entered into a post-nuptial agreement whereby each spouse's income will be their separate property. She then asks the court to rely solely on her income in evaluating this prong.

The court finds that household income is the appropriate factor to apply in evaluating available income to maintain a minimal standard of living. *See White v. U.S. Dept. of Educ. (In re White)*, 243 B.R. 498, 508-09 (Bankr. N.D. Ala. 1999) ("Section 523(a)(8)(B) requires consideration of a debtor's actual circumstances, not the theoretical.") Even if the court were to rely solely on Diane's income, there is no testimony that Diane will be responsible for her own living expenses, or half the shared expenses. Based on the family history this is unlikely. As a result, under this interpretation Diane's entire income would be available based on David's support.

College Assist elicited significant testimony from Diane regarding a debit account used by the Ananians. The testimony shows that between late December 2011 and July 2012, the Ananians spent approximately $5,000 on restaurant meals and $1,500 on non-essential expenses.[2] David made many of the restaurant and vacation charges. In addition, the Ananians provide a cell phone for one of their adult sons and have cable television. The import of this testimony is that Diane has approximately $900 per month that could be available for payment of the Loan, while still maintaining a minimal standard of living.

The court's finding is limited to a determination that the first prong of the Brunner test is not satisfied. David testified that he has approximately $180,000 in separate student loan debt; but no information was provided on the monthly payments associated with this debt. The budget presented at trial does not take into consideration any payment towards this debt. Additionally, the Ananians' son is a co-borrower on at least a

---

[2] College Assist asserted that expenses of approximately $2,000 were unnecessary. The expenses were for items such as OnStar service, pool expenses, car washes, travel, gifts and personal care items such as nail care. The court finds that the total amount included in this category should be reduced on the basis that some of the items, such as pool expenses, may be required for maintenance in order to avoid repair costs. For this analysis, the court applies the reduced amount of $1,500 as non-essential expenses.

3

portion of the student loan debt. No testimony was provided regarding any payments made by him, or its potential impact on the monthly obligation.

*2.  Additional Circumstances*

Diane's testimony regarding her lupus and chronic arthritis is uncontested. She established that as a result of physical pain and diminished energy she is unable to work more than 20 – 25 hours per week. Further, the type of work she is able to perform is limited by her physical constraints. Her condition is unlikely to improve during the repayment period. As such, the second prong is satisfied.

*3.  Good Faith*

To determine good faith a court considers a "debtor's efforts to obtain employment, maximize income, minimize expenses and negotiate a repayment plan." *Educ. Credit Mgmt. Corp. v. Mason (In re Mason)*, 464 F.3d 878, 884 (9th Cir. 2006). A debtor's history of payment on the debt and efforts to negotiate a repayment plan are also reviewed. *Educ. Credit Mgmt. Corp. v. Roth (In re Roth)*, 2013 WL 1623839, at *5 (9th Cir. BAP 2013) (publication pending).

The court accepts Diane's testimony that she is only able to work approximately 20 hours per week in jobs that do not require standing or bending. But Diane has not pursued employment except in the family business. Although a close call, the court will assume for the purposes of this analysis that she is employed at her highest earning potential. As reviewed above, the evidence indicates that Diane has not minimized expenses to allow for payment on the Loan.

Diane obtained the Loan in 2006 for her son's education. She made a $50 payment at that time. The Loan was then in deferment through March 2011 while her son remained in school. Diane did not provide any testimony as to why no payments were made since March 2011. Further, no testimony was provided regarding alternate steps taken by Diane or others to negotiate payment on this debt in the interim.

Reviewed together, the court finds that Diane has not established that she made a good faith effort to repay the Loan prior to seeking discharge.

4

Partial Discharge

In the alternative, Diane requests the court grant a partial discharge of the Loan. Based on the court's finding that the first and third prong of the Brunner test have not been satisfied, partial discharge is not appropriate.

Contemporaneous with this decision, the court will issue an order denying Diane's request for discharge of the Loan.

**END OF MEMORANDUM DECISION**

5

COURT SERVICE LIST

Mary K. Vossberg
Taylor │ Anderson L.L.P.
1331 Seventeenth Street, Suite 1050
Denver. CO 80202